UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOANNE C. NIKITAS,<br>　　　　　　　Plaintiff,<br>vs.<br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　　　Defendant. | Case No. 2:13-cv-00272-GMN-CWH<br>**FINDINGS AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Joanne C. Nikitas' application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal or Remand (#13)[1], filed on July 29, 2013, and the Commissioner's Response (#25), filed on November 6, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

**I.　　Procedural History**

On September 17, 2009 and September 23, 2009, Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that she became disabled on March 28, 2008. (A.R. 137-145.)[2] Her claims were denied initially on April 21, 2010 and upon reconsideration on September 16, 2010. (A.R. 87-90[3], 100-105.) On August 24, 2011,

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. *See* Notice of Manual Filing (#18).

[3] The Court notes that the T2 Notice of Disapproved Claim is missing from the A.R., but finds it

Plaintiff and her representative appeared in person for a hearing before Administrative Law Judge ("ALJ") Donald R. Colpitts. (A.R. 39-82.) On August 26, 2011, the ALJ issued an unfavorable decision finding that the Plaintiff has not been under a disability, as defined in the Social Security Act, from March 28, 2008, the alleged onset date, through the date of his decision. (A.R. 22-38.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 2, 2013. (A.R. 1-6.) On February 20, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. #1.)

## II.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§ 404.1520 and 416.920 and issued an unfavorable decision on August 26, 2011. (A.R. 22-38). At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009 and has not engaged in substantial gainful activity since March 28, 2008, the alleged onset date. (A.R. 27, Findings 1-2.) At step two, the ALJ found that Plaintiff has severe impairments of depression, panic disorder with agoraphobia, and post-traumatic stress disorder and non-severe impairments of chronic pain, digestive issues, and obsessive compulsive disorder. (A.R. 27-28, Finding 3.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including 12.04 and 12.06. (A.R. 28, Finding 4.) In doing so, the ALJ assigned B criteria limitations of mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation of extended duration. (A.R. 28-29.)

The ALJ found that Plaintiff has the residual functional capacity to perform full range work at all exertional levels with the following nonexertional limitations: a limitation to simple one to two-step instructions only, and no working around the general public. (A.R. 29-30, Finding 5.) He also found Plaintiff not credible to the extent her statements concerning the intensity, persistence, and limiting effects of her symptoms are inconsistent with the assigned residual functional capacity assessment. (A.R. 31.) At step four, the ALJ found Plaintiff unable to perform her past relevant

---

is not material to the Court's review. (A.R. 91-94.)

work as an accountant for a large hotel chain, a cashier for a large pet store, and a salesperson for a car dealership. (A.R. 33, Finding 6.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. (A.R. 33, Finding 10.) In doing so, the ALJ defined Plaintiff as a younger individual age 18-49 on the alleged onset date, with at least a high school education, able to communicate in English, and found transferable skills not material to the determination of disability. (A.R. 33, Findings 7-9.) The ALJ considered Medical-Vocational Rule 204.00, which provides a framework for finding Plaintiff not disabled. (A.R. 33.) Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for a period of disability and disability insurance benefits and supplemental security income.

## DISCUSSION

### I. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**II.   Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts

to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, then a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits a claimant from performing basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.

---

[4] SSR constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Part 404, Subpart P, AppediSx 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made.  20 C.F.R. §§ 404.1520(h) and 416.920(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as all the symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f) and 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed as SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her residual functional capacity, age, education, and work experience.  20

C.F.R. §§ 404.1520(g) and 416.920(g). If the claimant is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal or remand of the ALJ's decision for two reasons: (1) the ALJ improperly rejected the medical evidence from the treating and examining physicians and (2) the ALJ failed to provide legally sufficient reasons to reject Plaintiff's testimony.

#### A. Opinion Evidence

Plaintiff contends that the ALJ erred in rejecting the treating opinion of Patricia Brassfield, Ph.D. ("Dr. Brassfield") and the examining opinion of Miles Morgan, Psy.D. ("Dr. Miles Morgan"). Specifically, Plaintiff claims that the ALJ failed to articulate a legally sufficient rationale to reject these opinions and that the failure to do so is reversible error. In response, the Commissioner contends that the ALJ provided specific and legitimate reasons for discounting Dr. Brassfield's opinion when he noted its inconsistency with the record and lack of accompanying objective analysis. Additionally, the Commissioner contends that the ALJ provided specific and legitimate reasons for discounting Dr. Morgan's opinion when he noted it was largely based on Plaintiff's subjective complaints, contradicted the record, and lacked objective justification.

In general, a treating physician's opinion is entitled to more weight than a non-treating physician's opinion because a treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir.1993); *see also* 20 C.F.R. §§ 404.1527 and 416.927. Accordingly, a treating physician's opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See* SSR 96-2p. If the ALJ declines to award a treating physician's opinion controlling weight and it is not contradicted by another physician, then the ALJ must give clear and convincing reasons for rejecting

the uncontradicted opinion. *Thomas*, 278 F.3d at 957. If the ALJ declines to give controlling weight and the treating physician's opinion is contradicted, then the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (relying on *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

However, a treating physician's opinion is not necessarily conclusive on an individual's physical condition or the ultimate issue of disability. *See Magallanes*, 881 F.2d at 751. Additionally, an ALJ is not required to accept a treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings or the record as a whole. *See Batson v. Comm'r of SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nevertheless, the ALJ must weigh a treating physician's opinion using the factors provided by 20 C.F.R. §§ 404.1527 and 416.927 and provide good reasons for the weight given. *See* SSR 96-2p.

The Court finds that the ALJ did not err in rejecting the treating opinion of Dr. Brassfield that Plaintiff is unable to sustain even simple work due to her mental symptoms. The ALJ gave several reasons why he did not grant Dr. Brassfield's opinion full weight. He noted that he is not bound to accept a treating physician's opinion on the ultimate issue of disability. The ALJ also underscored how Dr. Brassfield's opinion was inconsistent with the other medical evidence of record. Dr. Brassfield noted that Plaintiff was unable to function due to high anxiety, which interferes with every activity. The ALJ cited Plaintiff's testimony where she admits to being able to perform household chores and go to the mall. (A.R. 32.) Also, Dr. Brassfield reported that Plaintiff was unable to function for any length of time. This is contradicted by the opinion of State agency psychologist Pastora Roldan, Ph.D. ("Dr. Roldan") that found Plaintiff has B criteria limitations of mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation of extended duration. (A.R. 31-32). The ALJ also noted how Plaintiff made significant progress toward

obtaining an educational degree, which contradicted Dr. Brassfield's opinion that Plaintiff was severely limited in her ability to perform mental work related abilities.  Further, Dr. Brassfield did not provide an analysis of the limitations she assigned Plaintiff to provide an objection justification.

Similarly, the ALJ provided several reasons for failing to give full weight to the opinion of examining physician Dr. Miles Morgan.  The ALJ highlighted the basis of information upon which Dr. Miles Morgan relied.  He noted that Dr. Miles Morgan reviewed medicine notes covering only nine days that were not completely decipherable. (A.R. 30).  Also, Dr. Miles Morgan relied on Plaintiff's statements and her mental functioning during the three hour time period in which he conducted a psychological consultative examination. (A.R. 30).  Furthermore, Dr. Miles Morgan opined that, based on the Plaintiff's description of her emotional and behavioral functioning, she would be unable to work on a full-time, sustained basis until her mental health symptoms improved. (A.R. 30).  The ALJ noted that he is not bound to accept an examining physician's opinion on the ultimate issue of disability and Dr. Miles Morgan's functional limitation analysis was inadequate because it did not include an explanation of the supporting objective medical evidence objective and was inconsistent with the medical evidence of record. (A.R. 31.)  Accordingly, the Court finds that the ALJ provided specific and legitimate reasons for not according full weight to the opinions of Dr. Miles Morgan and Dr. Brassfield.

### **B.     Credibility**

Plaintiff contends that the ALJ failed to properly credit her subjective testimony in assessing the residual functional capacity.  More specifically, Plaintiff argues that the ALJ's decision is void of any sufficient rationale as to why he disregards Plaintiff's testimony.  In response, the Commissioner alleges that the ALJ performed a proper credibility analysis when he noted that the Plaintiff's objective medical record, inconsistent statements, effective treatment, failure to comply with medical treatment, and daily activities contradicted her testimony.  As such, the Commissioner contends that the ALJ supported his credibility finding with substantial evidence. *Id.* at 8:10-11.

The Court finds that the ALJ's finding that Plaintiff was not credible with respect to her subjective complaints of symptoms and functional limitations is supported by substantial evidence.  The ALJ's assessment of credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d. 20, 22 (9th Cir. 1989).  The ALJ is required to engage in a two-step analysis to evaluate credibility: (1)

9

determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the individual's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. *Id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for finding her not credible. He did not rely on inconsistent objective medical evidence alone, but rather, addressed some of the seven factors identified in 20 C.F.R. §§ 404.1529(c) and 416.929(c)(3), and SSR 96-7p. For example, the ALJ addressed the Plaintiff's daily activities. He considered the fact that Plaintiff could work towards getting her degree, drive, take her dogs to the park, care for them, perform household chores, maintain her personal hygiene, attend appointments by herself, and go to the mall. (A.R. 32.) Additionally, the ALJ addressed the fact that the Plaintiff had a history of psychological treatment, but there was little indication that the impairments interfered with Plaintiff's ability to perform basic work activities. (A.R. 31.) The ALJ noted that Plaintiff made progress while receiving therapy. (A.R. 32.) Moreover, the ALJ considered the Plaintiff's history of refusing to take her medication and noted that her treating psychologist had commented on her non-compliance with her medication. *Id.*

Furthermore, the ALJ highlighted some inconsistencies in the medical evidence of record and Plaintiff's testimony. (A.R. 32.) The ALJ noted that Plaintiff testified that she washes her hands 30 to 50 times a day due to germs, but she has multiple pets inside her home, cares for them, and takes them to the dog park. *Id.* Additionally, Plaintiff testified that she cannot work due to an inability to leave the house despite the fact that she arrived at the hearing by driving herself and continues to attend her appointments. *Id.* Finally, the ALJ considered the fact that Plaintiff left her last job

10

because she was going to start school, not due to her alleged illness. *Id.*

Additionally, the ALJ considered opinion evidence from the Dr. Roldan. Dr. Roldan opined that Plaintiff has a mild restriction in activities of daily living, moderate difficulties in social functioning, mild difficulties in maintaining concentration, persistence, and pace and no episodes of decompensation. (A.R. 32). Similarly, Dr. Miles Morgan's opinion supports the mental limitations assigned by the ALJ to Plaintiff in her RFC, which were based, in part, on Plaintiff's performance on various cognitive tests. (A.R. 30). Therefore, the Court finds that the ALJ's credibility finding complies with the SSR 96-7p and is supported by substantial evidence.

## IV.     Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the A.R. as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence and articulates reasons for the findings that satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (#13) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#25) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 8th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**